IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division



MARK TODERO,

    Plaintiffs,

v.                                          CIVIL ACTION NO. 4:11cv157

LAXCOM, LLC, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendants LAXCOM, LLC, John A. Arrix, Paul Shields Ferber, Jr., George West, Ernest Mahler, III, Matthew Briggs Forelli, Eric Steinfeldt, and John Vanderslice (collectively "Defendants"). For the reasons stated herein, Defendants' Motion is **GRANTED**.

### I. FACTUAL AND PROCEDURAL HISTORY

Defendant LAXCOM, LLC ("LAXCOM) is a Delaware limited liability company with its principal place of business in Connecticut. Plaintifff Mark Todero ("Plaintiff" or "Todero") is a resident of Virginia who, in 2008, entered into an agreement with Defendant John A. Arrix ("Arrix") to form a joint venture for the purpose of purchasing Lax.com, a website that sells lacrosse gear. Compl. ¶ 15-17, 20. Plaintiff and Defendant Arrix entered into negotiations with the remaining Defendants (collectively, "Florida Team") to secure their investment in the venture. Compl. ¶ 46. In or about November

1

2009, Arrix notified Todero that the Florida Team offered Arrix the opportunity to complete the investment, on the condition that Todero no longer be involved. Compl. ¶ 66-67. Arrix accepted the Florida Team's terms and offered to compensate Todero for his time. Compl. ¶68. Todero declined and in January 2010, Arrix and several members of the Florida team acquired Lax.com and formed LAXCOM without Todero.

On November 29, 2011, Plaintiff filed the instant Complaint, citing diversity jurisdiction pursuant to 28 U.S.C. § 1332, as grounds for the Court's jurisdiction. Compl. 1. In the thirteen-count Complaint, Plaintiff alleges breach of contract, fraud, tortious interference, and various other claims related to the Lax.com deal. On April 20, 2012, Defendants filed a Motion to Dismiss for Failure to State a Claim and a Motion to Dismiss for Lack of Personal Jurisdiction.[1] Defendants Ernest Mahler, III and John Vanderslice separately filed a Motion for Summary Judgment. In response, on May 15, 2012, Plaintiff filed a Motion to Stay asking the Court to transfer this action to the United States District Courts of either Connecticut or Florida, pursuant to 28 U.S.C. § 1631. On May 21, 2012, Defendants filed Responses, asserting that Plaintiff failed to meet the requirements for both venue transfer and personal jurisdiction. The parties came before the Court for a hearing on January 24, 2013. On January 20, 2013, Defendants filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction. On January 31, 2013, Plaintiff filed a Motion to Sever John Vanderslice and Transfer the Case to the United States District Court for the District of New Jersey. This matter is now ripe for judicial determination.

---

[1] John Vanderslice did not join Defendants' Motion to Dismiss for Lack of Personal Jurisdiction.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(h)(3) provides for the dismissal of an action at any time where the Court determines that it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Unless the matter involves an area over which federal courts have exclusive jurisdiction, a federal district court has subject matter jurisdiction over a case only where the matter involves a "federal question arising under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331, or if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States," 28 U.S.C. § 1332(a)(1). *See Pinkley, Inc. v. City of Frederick, Md.*, 191 F.3d 394, 399 (4th Cir. 1999) ("Federal courts are courts of limited subject matter jurisdiction, and as such there is no presumption that the court has jurisdiction."). Accordingly, "before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006).

## III. DISCUSSION

Before considering any substantive motions, the Court must first address the question of whether these matters are properly before it. It is well established that federal courts have an independent obligation to determine the existence of subject matter jurisdiction and may do so absent a challenge from any party. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." (citations omitted)); *In re Kirkland*, 600 F.3d 310, 315 (4th Cir. 2010) ("Subject matter jurisdiction cannot be forfeited or waived, and can be raised by a party,

3

or by the court *sua sponte*, at any time prior to final judgment."). A plaintiff may bring suit in federal court only if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States," pursuant to 28 U.S.C. § 1332(a)(1), or if the matter involves a federal question arising "under the Constitution, laws or treaties of the United States," pursuant to 28 U.S.C. § 1331.

Plaintiff's sole ground for subject matter jurisdiction is 28 U.S.C. § 1332. The United States Supreme Court has "consistently interpreted § 1332 as requiring complete diversity." *Exxon Mobil Corp. v. Allapattah Serv., Inc.*, 545 U.S. 546, 553 (2005). Complete diversity is satisfied "when no party shares common citizenship with any party on the other side." *Mays v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). In cases involving multiple plaintiffs and multiple defendants, the presence of a single plaintiff from the same state as a single defendant destroys complete diversity and deprives the district court of jurisdiction over the entire action. *Exxon Mobil*, 545 U.S. at 553.

The Complaint establishes that Plaintiff is a citizen of Virginia. Compl. ¶ 1. Plaintiff also initially listed Defendant John Vanderslice as a resident of Connecticut. Compl. ¶ 2. However, in an affidavit submitted to the Court on January 29, 2012, counsel for the Defendant avers that Defendant Vanderslice was a Virginia resident at the time the Complaint was filed. The pleadings indicate a lack of complete diversity, as both Plaintiff and Defendant John Vanderslice are citizens of Virginia. Plaintiff also concedes that "there is currently no diversity [jurisdiction] within the meaning of 28 U.S.C.

§1332." Pl. Mot. to Dismiss John Vanderslice. Accordingly, the Court **FINDS** that it lacks subject matter jurisdiction.

Plaintiff attempts to overcome this jurisdictional defect by asking the Court to sever Defendant Vanderslice and transfer this action to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1406(a). The Court declines to provide any such remedy. Where there is no subject matter jurisdiction by reason of lack of diversity, the Court must dismiss. *Raese v. Kelly*, 59 F.R.D. 612, 615 (N.D.W.Va 1973) (citing Fed. R. Civ. P. (12)(h)(3)); *see also Integrated Health Serv. of Cliff Manor, Inc. v. THCI Co., LLC*, 417 F.3d 953 (8th Cir. 2005) (citations omitted).

The Court also declines to grant Plaintiff's request for a venue transfer. Venue transfer falls squarely within the Court's discretion. *Landers v. Dawson Const. Plant, Ltd.*, 201 F.3d 436, 437 (4th. Cir. 1993); *Morgan v. Richmond Sch. of Health & Tech, Inc.*, 857 F.Supp.2d 104, 110 (D.D.C. 2012). A district court may only transfer a civil action to another district or division where it might have been originally brought, if such a transfer is in the interest of justice. 28 U.S.C. § 1404(a); *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1201 (4th Cir. 1993); *see also* 28 U.S.C. § 1631. Plaintiff asks that the Court transfer this case to the District of New Jersey. In order to do so, Plaintiff again asks the Court to sever another Defendant, Ernest Mahler, III, to effectuate proper jurisdiction. Plaintiff's request indicates that the Complaint, as originally filed with the existing Defendants, could not have been brought in the District of New Jersey. In addition, even if the Court were to sever Defendants Vanderslice and Mahler, it is not

entirely clear that the New Jersey District Court would have proper jurisdiction over the remaining Defendants.

Furthermore, it is well within the Court's discretion to find that the interests of justice are not served by "allowing a plaintiff whose attorney committed an obvious error in filing the plaintiff's action in the wrong court to simply transfer his/her action to the proper court." *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1201 (4th Cir. 1993). Accordingly, Plaintiff's transfer request is **DENIED**. This matter is **DISMISSED** for lack of subject matter jurisdiction.

## IV. CONCLUSION

For the reasons stated above, this Court lacks subject matter jurisdiction. This matter is hereby **DISMISSED** and Plaintiff's Motion to Dismiss John Vanderslice and Transfer the Case to the United States District Court for the District of New Jersey (ECF No. 58) is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Memorandum Order to counsel and parties of record.

**IT IS SO ORDERED.**

Norfolk, Virginia
February 11, 2013

/s/
Raymond A. Jackson
United States District Judge